UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CORNELIUS SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-CV-3246 |
| | ) | |
| SANGAMON COUNTY SHERIFF'S OFFICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated at Graham Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that, while he was detained at the Sangamon County Jail, an unidentified jail employee caused his name, date of birth, and social security number to be posted on the jail's public website. As

1

an exhibit, Plaintiff attached a copy of a letter from the Sangamon County Sheriff's Office indicating that a list with personal information for all inmates had been mistakenly posted on the jail's public website for approximately 14 hours before the mistake was discovered and the information was removed from public view.

Plaintiff's allegations do not plausibly suggest that his personal information was disclosed intentionally, that the information was humiliating on its own accord, or that disclosure would otherwise subject Plaintiff to a risk from which constitutional liability could arise if not reasonably addressed (i.e. a substantial risk of physical harm from other inmates). Accordingly, Plaintiff does not state a constitutional claim. *See Sexton v. Runyon*, 2005 WL 2030865, at *9 (N.D. Ind., filed August 23, 2005) ("[T]he contention that disclosure of a social security number violates the right to privacy has been 'consistently rejected.'" (quoting *McElrath v. Califano*, 615 F.2d 434, 441 (7th Cir. 1980)).

IT IS THEREFORE ORDERED:

1. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2. This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

3. The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of the plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 12th day of December, 2017

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE